UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY BACKUS,

    Plaintiff,

v.

GENERAL MILLS, INC., et al.,

    Defendants.

Case No. 15-cv-01964-TEH

**ORDER RE: AUGUST 17, 2015 HEARING**

The parties shall come to the August 17, 2015 hearing prepared to address the following questions.

**For Plaintiff:**

1. How has Plaintiff suffered an economic injury, if he was not misled into purchasing baking mixes and only later realized that they may be unhealthy?

2. Why did the Supreme Court's decision in *Clapper v. Amnesty International* not abrogate the cases Plaintiff cites for the standard for standing based on a probabilistic future injury?

3. Why does the FDA's decision to set a compliance date for its final order in 2018 not establish that the continued sale of PHOs is lawful until that time?

4. Many of Plaintiff's cited cases regarding the application of the primary jurisdiction doctrine involved misrepresentation claims, not unlawful ingredient claims. Why do these cases show that the primary jurisdiction doctrine is inappropriate here?

5. Given that the presence of partially hydrogenated oil was disclosed on the baking mixes' labels, why is Plaintiff's implied warranty of merchantability claim not merely a challenge to the sufficiency of General Mills' labels?

///

///

**For Defendant:**

1. Why are Plaintiff's allegations that he suffered inflamed organs from eating trans fats not sufficient to confer standing in this case?

2. Why has Plaintiff not alleged a sufficient economic injury by alleging that he spent money on food products that are unfit for human consumption?

3. The Court is not aware of any federal regulation that ever formally recognized PHOs as GRAS (as opposed to recognizing that the *industry* treated PHOs as GRAS), and the FDA has now determined that they are not GRAS. Why has Plaintiff not therefore plausibly stated a claim that the baking mixes are an adulterated food under California Health & Safety Code section 110545?

4. In evaluating the plausibility of Plaintiff's implied warranty of merchantability claim, must the Court consider whether a reasonable consumer would be aware of the health risks involved in eating partially hydrogenated oils?

5. Given the FDA's final determination on the GRAS status of PHOs and the findings therein, why should the Court apply the primary jurisdiction doctrine in this case, when the FDA has indicated it may take up to three years to review food additive petitions?

**IT IS SO ORDERED.**

Dated:  08/13/15                                 _____
                                                             THELTON E. HENDERSON
                                                             United States District Judge