UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY BACKUS,

    Plaintiff,

    v.

GENERAL MILLS, INC., et al.,

    Defendants.

Case No. 15-cv-01964-WHO

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59 TO PERMIT FILING OF FIRST AMENDED COMPLAINT**

Re: Dkt. No. 58

Plaintiff Troy Backus filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend my order granting defendants General Mills, Inc. and General Mills Sales, Inc.'s (collectively "General Mills") motion to dismiss Backus's complaint with prejudice (the "Order") [Dkt. No. 56], and to permit the filing of an amended complaint. Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59 to Permit Filing of First Amended Complaint ("Mot.") [Dkt. No. 58]. In the Order, I dismissed Backus's remaining claims under the "unlawful" and "unfair" prongs of the California Unfair Competition Law ("UCL") as preempted by the federal Food, Drug, and Cosmetic Act ("FDCA") and Section 754 of the Consolidated Appropriations Act ("Section 754"). Order at 4-10.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court's discretion to grant a Rule 59(e) motion is not limited to these situations. *Id.* Rule 59(e) is intended to "afford relief only in extraordinary circumstances, and

not to routinely give litigants a second bite at the apple." *Van Derheydt v. Cty. of Placer*, 32 Fed. App'x 221, 223 (9th Cir. 2002) (granting a motion for reconsideration after the district court ruled that a claim was untimely, but statute of limitations had yet to start running). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Accordingly, Rule 59(e) may not be used to raise evidence or an argument for the first time "when they could reasonably have been raised earlier in the litigation." *Id.*

Backus identifies no extraordinary circumstance to justify this motion. He cites no legal standard or particular provision of Rule 59. I assume he believes that the Order contains manifest errors of law because he insists that his UCL claims are not preempted by the FDCA and Section 754. He asserts again (see Dkt. No. 50) that his claim under the "unfair" prong of the UCL was not premised entirely on the notion that partially hydrogenated oils ("PHOs") were unsafe and adulterated before the compliance date, that Section 754 does not retroactively preempt his claims as it is contrary to the history of private state-law consumer-protection litigation, that the time period specified in Section 754 conflates non-enforcement with affirmative legalization of the use of PHOs, and that the Order is contrary to other conflict preemption decisions. *Id.* at 6-14.

Backus is recycling arguments rejected by the Order. To reiterate briefly, Section 754 states that:

> No partially hydrogenated oils as defined in the order published by the Food and Drug Administration in the Federal Register on June 17, 2015 (80 Fed. Reg. 34650 et seq.) shall be deemed unsafe . . . and no food that is introduced or delivered for introduction into interstate commerce that bears or contains a partially hydrogenated oil shall be deemed adulterated . . . by virtue of bearing or containing a partially hydrogenated oil until the compliance date as specified in such order (June 18, 2018).

Consolidated Appropriations Act, 2016, PL 114–113, December 18, 2015, 129 Stat 2242 (2015). Backus argues under the "unfair" prong of the UCL that the use of "unsafe" PHOs was not outweighed by the gravity of the harm PHOs caused to him or the putative class. Complaint at ¶¶ 92-98. But Section 754 states that PHOs may not be deemed unsafe until the compliance date of June 18, 2018, so even Backus's "unfair" UCL claim is subject to Section 754's preemptive effect.

Backus finds no comfort from *Guttmann v. Nissin Foods (U.S.A.) Co., Inc.*, No. C 15-00567 WHA, 2015 WL 4309427, at *4 (N.D. Cal. July 15, 2015) because it was decided before the enactment of Section 754.

Backus's arguments relating to Section 754's preemptive and retroactive effects have been considered and rejected in the Order and in numerous decisions by my colleagues in this district. Order at 4-10; *Walker v. Conagra Foods, Inc.*, 15-CV-02424-JSW, Dkt. No. 55 (N.D. Cal. March 31, 2017); *Backus v. Biscomerica Corp.*, No. 16-cv-03916-HSG, 2017 WL 1133406 (N.D. Cal. March 27, 2017); *Backus v. Conagra Foods*, No. C 16-00454 WHA, 2016 WL 3844331 (N.D. Cal. July 15, 2016); *Backus v. Nestle*, 167 F. Supp. 3d 1068 (N.D. Cal. 2016) (MMC). There is no need to revisit them here.

The Order also addressed why conflict preemption applies to the UCL claims. Backus emphasizes *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132 (1963) in his motion to alter or amend, so it is worth indicating why that case is inapposite. Conflict preemption can occur either when it is impossible to comply with both federal and state law or when state laws stand as obstacles to accomplishing federal objectives. Order at 4-5. *Florida Lime* addresses the first scenario, where dual compliance with a federal law which "forbade the picking and marketing of any avocado testing more than 7% oil" and a state law "excluded from the State any avocado measuring less than 8% oil content" was impossible. 373 U.S. at 142. The second scenario, the one relevant to this case, occurs when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress under the circumstances of a particular case. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000); see also *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861, 873–75 (2000) (holding conflict preemption applies to lawsuits that "prevent or frustrate the accomplishment of a federal objective"). As articulated in the Order, Backus's UCL claims stood as obstacles to the accomplishment and execution of Section 754 and were therefore preempted. Order at 10. The type of conflict preemption based on impossibility discussed in *Florida Lime* is not relevant here.

Backus has failed to show any manifest error of law and is not entitled to the extraordinary remedy that Federal Rule of Civil Procedure Rule 59(e) provides. Rather, he has sought a second

bite at the apple to relitigate arguments that I, and several of my colleagues, have already considered and rejected. Backus's motion to amend or alter the judgment is denied and he may not amend his complaint.

**IT IS SO ORDERED.**

Dated: January 25, 2019



William H. Orrick
United States District Judge